SOLOMONS v. SHAW.

1. A party now seeking the aid of the Court of Common Pleas on its
   equity side, must present a case over which the old Court of Equity
   would have had jurisdiction.
2. Where creditors obtained judgment in 1870 on debts contracted prior
   to 1868, and in 1873 their debtor became a bankrupt, reserving his
   homestead, and in 1875 obtained his discharge, such creditors could
   not invoke the aid of equity to subject this homestead to the payment
   of their judgments.
3. These creditors having had for several years a plain, adequate, and com-
   plete remedy at law, they cannot invoke the aid of equity to restore to
   them those rights which they lost through their own laches.

Before ALDRICH, J., Sumter, October, 1885.

The opinion sufficiently states the case.

*Messrs. Moises & Lee,* for appellants.

*Messrs. Haynsworth & Cooper* and *H. Frank Wilson,* contra.

June 17, 1886.  The opinion of the court was delivered by

MR. CHIEF JUSTICE SIMPSON.  Separate judgments were
obtained by the testators of the plaintiffs on January 22, 1870,
in the Court of Common Pleas for Sumter County against one
John J. Shaw, ancestor of the defendants, in each of which was
included attorneys' costs for the plaintiff, E. W. Moise.  These
judgments were upon demands which antedated the constitution
of 1868.  Executions were issued, but no further steps taken for
the collection of the debts.  At that time the debtor, John J.
Shaw, was in possession as owner of a certain tract of land, con-
taining some two hundred and twenty-five acres, located in
Sumter County. upon which it is alleged that these judgements
had a valid and subsisting lien.

On November 26, 1873, John J. Shaw was upon his own peti-
tion adjudged a bankrupt; among the debts included in his
schedule were these judgments.  In 1875 he was discharged
from all debts due by him on the said November 26, 1873.  The

tract of land above mentioned, of which he was in possession, was in some way excepted from the operation of the bankrupt proceedings by some claim of exemption made under the laws of the State. The above judgments were not proved in the bankrupt court, nor did the plaintiffs receive any dividend from the bankrupt assets. John J. Shaw died in 1878 intestate, leaving the defendants his heirs at law, who are in the possession of the above mentioned tract of land as said heirs.

Under this state of facts the action below was instituted on the equity side of the court in which the plaintiffs demanded judgment, 1st. That the lien creditors of the said John J. Shaw be called in; and 2d. That the said lands be sold and the proceeds be applied to the payment of said judgments, &c. His honor, Judge Aldrich, who heard the case, dismissed the complaint with costs, on the ground that plaintiffs having failed to enforce their judgments, while of active energy with lien on the land in question, and having failed to apply to the bankrupt court for relief during the bankrupt proceeding and before the bankrupt's final discharge, and having adequate remedy at law at one time, which had been lost by the laches and neglect of the plaintiffs, "there was now no equitable ground for the interference of the court."

The plaintiffs have appealed upon several exceptions, all of which, however, may be reduced into the single question, whether under the facts of the case it was error to deny the plaintiffs the equitable relief demanded? The decision of this question, in our judgment, has rendered the consideration of the other questions raised unnecessary. In giving the reasons, therefore, for our judgment, we will confine ourselves to the question, whether or not the facts of the case warranted the court on its equity side to take jurisdiction.

We remark, in the first place, that the destruction of the old Court of Equity and the combination of equity and common law principles within the jurisdiction of the same court, to wit, the Court of Common Pleas, has by no means extended or enlarged the class of cases in which equity principles may be administered. It is true that the mode of reaching the court and of invoking its aid has been materially changed by the code, but this change has not given rise to any new equity rights different

8

from those formerly existing.  On the contrary, these remain as before, and a party seeking the aid of the Court of Common Pleas now, on its equity side, must come in with a case over which the old Court of Equity would have had jurisdiction in former times, or he will fail.  So that, to test a question of jurisdiction now in a given case, we have only to inquire whether the old court could have heard it.  Let us apply this test to the case before us.

We find in the heading to the first chapter in Judge Story's Equity Jurisprudence the following expression: "Courts of Equity afford relief in regard to those rights, recognized by the jurisprudence of the State, where the remedy at law is doubtful, inadequate, or incomplete."  And again, at section 33 of the same chapter, this eminent author condenses in a few words the foundation of equity jurisprudence, as understood and administered in the English and American courts, where he says: "Perhaps the most general, if not the most precise, description of a Court of Equity, in the English and American sense, is that it has jurisdiction in cases of rights recognized and protected by the municipal jurisprudence, where a plain, adequate, and complete remedy cannot be had in the courts of common law." Under the old courts, then, two things were necessary to give them jurisdiction, to wit, a recognized right, one entitled to protection in the party seeking their aid, and the absence of power in the common law courts to give adequate and complete relief.

Were these two things present below in the case as presented in the pleadings?  The plaintiffs sought by their action to have certain lands in the possession of the defendants sold and the proceeds applied to their judgments.  Now, did they have a recognized right, either legal or equitable, to have these lands sold at the time their action was instituted?  And, if so, was there no adequate remedy to this end existing at law?  These two conditions must appear, or the action has no foundation in equity.  Do they exist here?  In a general sense every creditor has the right to make his claim out of the property of his debtor if necessary; that is, he has the right to reduce his claim to judgment, and by execution issued thereon make his money by sale of the debtor's property.

But this is not the right sought to be enforced here. The plaintiffs' claims have already been established and reduced to judgment, with the right to issue execution thereon, and they are not now seeking new judgments with the accompanying right to issue execution thereon, but they are seeking to sell the debtor's land by a direct order from the court. Have they any such right? While, as we have said, a creditor in a general sense has the right to enforce his claim against the property of his debtor, or other wrong-doer, yet this can be done only through certain established forms and modes of procedure. For instance, it may be done by a direct order of the Court of Equity, if necessary, in all those classes of cases over which that court has acknowledged jurisdiction, such as trusts, frauds, mistakes, &c., creditors' bills, the sale of real estate in aid of personalty, and the marshalling of assets in the estates of decedents, &c., or it may be done in a law court by means of judgment obtained and execution thereon.

It is not pretended that the right claimed here belongs to any of those cases mentioned above as of acknowledged equity jurisdiction. Does it belong to the last class? Have the plaintiffs the right to sell the land in question under their judgment, and are they seeking the aid of equity jurisdiction to enforce said sale because no adequate and complete means at law exist to that end? No, they have no such right. True, they once had it, but it has been lost, and they are seeking the aid of equity because of the fact of this loss. In other words, they are asking equity to reinstate their right, and then to enforce it, not by execution, but by a direct and independent order of sale. We know of no authority or established equity doctrine by which this can be done. We think, therefore, that the Circuit Judge was right in dismissing the complaint on the ground stated above.

And even if the case, as above, was doubtful, we think the case of *Williamson* v. *King* (*McMull. Eq.*, 41) would be conclusive against the appellants. In that case it was said: "When a party has once had a plain and adequate remedy at law, which he has lost by his own laches, it may well be doubted whether this court will aid him with another remedy, of which he might have availed himself in the ordinary forum had he acted promptly."

Here the plaintiffs once had a legal right to sell Shaw's land, with a plain, adequate, and complete remedy for the enforcement of this right. This state of things existed for several years. The plaintiffs failed to act, and by this failure their right was lost. Under such circumstances we do not see that equity can aid them.

It is the judgment of this court, that the judgment of the Circuit Court be affirmed.